## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| EXXONMOBIL GLOBAL SERVICES COMPANY, EXXON MOBIL CORPORATION, AND EXXONMOBIL RESEARCH AND ENGINEERING COMPANY, | § § § § | NOTICE OF REMOVAL |
| | § | CASE NO. 1:12-cv-442 |
| Plaintiffs/Counter Defendants | § § § | TRAVIS COUNTY, TEXAS 419TH JUDICIAL DISTRICT CAUSE NO. D-1-GN-11-002619 |
| v. | § § | |
| GENSYM CORPORATION and VERSATA ENTERPRISES, INC., | § § § | |
| Defendants | § § | |
| GENSYM CORPORATION | § § | |
| Counter Plaintiff/Third-Party Plaintiff | § § § | |
| v. | § § | |
| INTELLIGENT LABORATORY SOLUTIONS, INC. | § § § § | |
| Third-Party Defendant | § | |

## <u>NOTICE OF REMOVAL</u>

Defendants, though their undersigned counsel, submits this Notice of Removal of this matter to the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1454 and 28 U.S.C. § 1446.

## <u>BACKGROUND</u>

1.     On August 29, 2011, Plaintiffs/Counter Defendants ("ExxonMobil") filed their Original Petition in 419th Judicial District of Travis County, Texas.  That petition alleged breach

1

of contract and other related claims all connected to a License Agreement between ExxonMobil[1]

and Gensym Corporation ("Gensym").    This License Agreement concerns Gensym's G2

software application.

2.    On November 2, 2011, ExxonMobil filed an Amended Petition adding additional

causes of action for Fraudulent Inducement and Breach of Warrant, both relating to the same

License Agreement.  ExxonMobil amended their petition a second time on January 31, 2012,

making minor changes and adding Defendant Versata Enterprises, Inc.—Gensym's Parent

Company—under an alter ego theory.

3.    On February 24, 2012, Gensym Corporation counterclaimed seeking a declaration

from the Court that ExxonMobil was in repeated material breach, or had failed to adequately

cure a material breach of the License Agreement.

4.    On May 16, 2012 Gensym filed a Copyright Application with the United States

Copyright Office for the G2 Software Application. Once this application was filed Gensym was,

for the first time, able to bring claims for copyright infringement against the relevant parties.

*Lakedreams v. Taylor*, 932 F.2d 1103, 1108 (5th Cir. 1991) (submitting an application, not

receiving a registration is required to bring suit).

5.    On May 17, 2012, Gensym filed their Amended Counterclaim, alleging breach of

contract, tortious interference with contract and copyright infringement against ExxonMobil.

Defendant's also for the first time, brought claims against third party defendant Intelligent

Laboratory Solutions, Inc., ("ILS") alleging breach of contract and copyright infringement.[2]

---

[1]  The use of ExxonMobil as a collective in this notice is not intended to admit or imply that all the ExxonMobil Plaintiffs are parties to the 2008 License Agreement. Instead, this term is used for convenience and because all of the ExxonMobil Plaintiffs claim that they have license rights under that agreement.
[2]  Gensym also has a separate G2 software licensing agreement with ILS.

6. Gensym's copyright infringement claim turns in part on interpreting the ILS/Gensym licensing agreement and the ExxonMobil/Gensym licensing agreement as well as the various parties' performances or nonperformance under those agreements. Likewise every other cause of action alleged by ExxonMobil and Gensym arises out of the same agreements. Therefore all the claims in this case amount to a single case or controversy under Article III of the United States Constitution.

## STATEMENT OF JURISDICTION

7. This action is a civil action with claims that arise under an Act of Congress relating to copyright. Therefore, this Court has original, and in fact, exclusive jurisdiction over this action. 28 U.S.C. § 1338.

8. Furthermore, all other claims in this matter are so related to the copyright claim that they form part of the same case or controversy granting this Court supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367.

## BASIS FOR REMOVAL

9. Gensym Corporation can remove this action pursuant to 28 U.S.C. § 1454(a) which reads in part: "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety production, or copyrights may be removed to the district court of the United States of America for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a). "The removal of an action under this section shall be made in accordance with section 1446, except that if the removal is based solely on this section— (1) the action may be removed by any party." 28 U.S.C. § 1454(b).

10. This Notice of Removal is timely filed within thirty days of this case becoming removable as required by 28 U.S.C. § 1446(b)(1). This case became removable only after the

3

filing of the copyright registration application on May 16, 2012 and the assertion of copyright claims in Gensym's May 17, 2012 petition.  Alternatively, this case falls within the exception to that rule described in 28 U.S.C. § 1454(b)(2).

11.    In accordance with 28 U.S.C. § 1446(d), Gensym is serving Plaintiffs with a copy of this Notice of Removal.  Third-Party Defendants are in the process of being served.

12.    Pursuant to 28 U.S.C. § 1446(d), Gensym is also filing this Notice of Removal in the District Court of Travis County, and has served the same upon Plaintiffs.  Third Party Defendants are in the process of being served.

13.    The District Court for Travis County is located within the Western District of Texas, Austin Division. 28 U.S.C. § 124(d)(1).  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391.

14.    Pursuant to 28 U.S.C. § 1446(a) defendant has attached to this notice as Exhibit A, copies of all process, motions and pleadings filed in the State Court action.

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.

*/s/ Amir Alavi*
Amir Alavi
State Bar No.  00793239
Federal ID No. 20919
3460 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 655-1101
Telecopier: (713) 655-0062

OF COUNSEL:
Thomas H. Watkins
BROWN MCCARROLL, L.L.P.
State Bar No. 20928000
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 703-5752
Telecopier: (512) 480-5033

**ATTORNEYS FOR DEFENDANTS AND
DEFENDANT/COUNTER PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served upon the following attorneys of record in the above cause by certified mail, return receipt requested, on May 17, 2012:

Andrew A. Kassof, P.C.
Seth A. Gastwirth
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654-3406

Shannon H. Ratliff
Michael Navarre
RATLIFF LAW FIRM, PLLC
600 Congress Avenue, Suite 3100
Austin, Texas 78701

*/s/ Amir Alavi*
Amir Alavi

4831-2540-2383, v.  1

5