UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EXXONMOBIL GLOBAL SERVICES COMPANY, EXXONMOBIL CORPORATION, AND EXXONMOBIL RESEARCH AND ENGINEERING COMPANY,<br>　　*Plaintiffs/Counter-Defendants*<br><br>v.<br><br>GENSYM CORPORATION and VERSATA ENTERPRISES, INC.,<br>　　*Defendants,*<br><br>GENSYM CORPORATION<br>　　*Counter Plaintiff/Third-Party Plaintiff*<br><br>v.<br><br>INTELLIGENT LABORATORY SOLUTIONS, INC.<br>　　*Third-Party Defendant* | § § § § § § § § § § § § § § § § § § § § § § | CASE NO.: 1:12-CV-00442-SS |

PLAINTIFFS' ANSWER AND DEFENSES TO DEFENDANT GENSYM'S AMENDED COUNTERCLAIM AND ORIGINAL THIRD PARTY PETITION

Plaintiffs ExxonMobil Global Services Company, Exxon Mobil Corporation, and ExxonMobil Research and Engineering Company (collectively, "ExxonMobil"), file this Answer and Defenses to Defendant Gensym Corporation's ("Gensym") Amended Counterclaim and Original Third Party Petition and in support thereof would respectfully show the Court as follows:

ANSWER TO PLAINTIFF'S AVERMENTS

DISCOVERY CONTROL PLAN

1.　　Paragraph 1 contains no factual averments and no response is required.

## PARTIES

2.  ExxonMobil admits the averments contained in Paragraph 2.

3.  ExxonMobil admits the averments contained in Paragraph 3.

4.  ExxonMobil denies that the principal place of business of Exxon Mobil Corporation is Fairfax, Virginia. ExxonMobil admits the remaining averments contained in Paragraph 4.

5.  ExxonMobil admits the averments contained in Paragraph 5.

6.  On information and belief, ExxonMobil admits the averments contained in the first sentence of paragraph 6. ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments in the remaining sentences of paragraph 6.

## JURISDICTION AND VENUE

7.  ExxonMobil does not contest that this Court may properly exercise personal jurisdiction over ExxonMobil. The first sentence of paragraph 7 is not a factual averment but rather is an interpretation of a document, to which no response is required because the document speaks for itself. ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of paragraph 7. ExxonMobil admits the averment contained in the third sentence of paragraph 7.

8.  ExxonMobil admits the averment contained in the first sentence of paragraph 8. ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of paragraph 8.

## FACTUAL BACKGROUND

9.  ExxonMobil admits the averment contained in the first sentence of paragraph 9. On information and belief, ExxonMobil states that it understands that G2 is the largest part of

Gensym's business and that Gensym has entered into license and maintenance agreements with its customers. ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 9.

10. ExxonMobil denies the averments of paragraph 10 because material terms are vague and undefined (including but not limited to the term "sophisticated"). ExxonMobil admits that companies use G2 to build computer applications.

11. ExxonMobil denies the averments of paragraph 11 because material terms are vague and undefined (including but not limited to the phrases "[l]ike most tools, "custom configured," and "rely completely"). ExxonMobil admits that companies use G2 to build computer applications.

12. ExxonMobil admits the averments contained in the first sentence of paragraph 12. The second sentence of paragraph 12 is not a factual averment but rather is an interpretation of a document, to which no response is required because the document speaks for itself. ExxonMobil admits that companies use G2 to build computer applications.

13. ExxonMobil admits the averments contained in the first sentence of paragraph 13. The second sentence of paragraph 13 is not a factual averment but rather is an interpretation of a document, to which no response is required because the document speaks for itself.

14. ExxonMobil admits the averments contained in the first sentence of paragraph 14. With respect to the second sentence of paragraph 14, ExxonMobil admits that Gensym and ILS have been partners and is without knowledge or information sufficient to form a belief as to whether that relationship has been properly terminated. The third sentence of paragraph 14 is not a factual averment but rather is an interpretation of a document, to which no response is required because the document speaks for itself.

15. ExxonMobil admits the averments contained in the first sentence of paragraph 15. The remaining sentences of paragraph 15 are not factual averments but rather consist of an interpretation of a document, to which no response is required because the document speaks for itself.

16. Paragraph 16 does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself.

17. ExxonMobil admits the averments contained in paragraph 17.

18. Paragraph 18 does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself.

19. ExxonMobil denies the averments contained in the first sentence of paragraph 19. The remaining sentences of paragraph 19 are not factual averments but rather consist of an interpretation of a document, to which no response is required because the document speaks for itself.

20. ExxonMobil denies that it breached the 2008 License Agreement. ExxonMobil denies that it "found a way around this problem." ExxonMobil admits that ILS has performed services for it and has assisted it with G2. ExxonMobil denies the remaining averments in paragraph 20.

21. ExxonMobil admits that it has paid ILS to perform services, including application development work on the AED/RTA applications. The second sentence of paragraph 21 is not a factual averment but rather consists of an interpretation of deposition testimony, to which no

response is required because the deposition testimony speaks for itself. ExxonMobil denies the remaining averments in paragraph 21.

### COUNT 1: BREACH OF CONTRACT
**(Against the ExxonMobil Defendants)**

22.     ExxonMobil incorporates by reference herein its responses to the preceding paragraphs of the Amended Counterclaim.

23.     ExxonMobil admits the averment contained in the first sentence of paragraph 23. ExxonMobil denies the averment contained in the second sentence of paragraph 23.

24.     ExxonMobil admits the averment contained in the first sentence of paragraph 24. ExxonMobil denies the averment contained in the second sentence of paragraph 24.

25.     ExxonMobil denies the averments contained in paragraph 25.

26.     ExxonMobil denies the averments contained in paragraph 26.

27.     ExxonMobil denies the averments contained in paragraph 27.

### COUNT 2: BREACH OF CONTRACT – INTELLIGENT LABORATORY SOLUTIONS
**(Against ILS)**

28.     ExxonMobil incorporates by reference herein its responses to the preceding paragraphs of the Amended Counterclaim.

29.     On information and belief, ExxonMobil admits the averments contained in paragraph 29.

30.     On information and belief, ExxonMobil admits the averments contained in paragraph 30.

31.     Paragraph 31 is not a factual averment but rather is an interpretation of a document, to which no response is required because the document speaks for itself.

32.     This paragraph alleges activities of persons other than ExxonMobil and

ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32. The second sentence of paragraph 32 is not a factual averment but rather is an interpretation of a document, to which no response is required because the document speaks for itself. ExxonMobil denies that its use of the AED/RTA constitutes copyright infringement.

33. This paragraph alleges activities of persons other than ExxonMobil and ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 33.

34. This paragraph alleges activities of persons other than ExxonMobil and ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34. The second sentence of paragraph 34 is not a factual averment but rather is an interpretation of a document, to which no response is required because the document speaks for itself. ExxonMobil denies that its use of the AED/RTA constitutes copyright infringement.

35. This paragraph alleges activities of persons other than ExxonMobil and ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35.

### COUNT 3: TORTIOUS INTERFERENCE WITH CONTRACT
### (Against the ExxonMobil Defendants)

36. ExxonMobil incorporates by reference herein its responses to the preceding paragraphs of the Amended Counterclaim.

37. ExxonMobil admits that it knew that Gensym had a business relationship with ILS. ExxonMobil denies the remaining averments in paragraph 37.

38. ExxonMobil denies the averments contained in paragraph 38.

**COUNT 4: BREACH OF CONTRACT – REFUSAL TO PERMIT AN AUDIT**
**(Against the ExxonMobil Defendants)**

39. ExxonMobil incorporates by reference herein its responses to the preceding paragraphs of the Amended Counterclaim.

40. ExxonMobil denies the averments contained in paragraph 40. ExxonMobil states that while maintaining that Gensym was not entitled to an audit, ExxonMobil offered to discuss an audit to address Gensym's concern, and asked Gensym to simply identify the audit process as required and described in Section 16.4 of the License Agreement. Eventually, Davin Cushman (Gensym's contract Chief Executive Officer) stated that Gensym was not interested in conducting an audit unless ExxonMobil agreed to pay Gensym for maintenance services. ExxonMobil replied that it was Gensym's choice whether or not to proceed with the audit discussions. On November 30, 2011, ExxonMobil had another discussion with Gensym concerning an audit. ExxonMobil again asked Gensym to identify the scope of the requested audit, including the four required parameters in Section 16.4 of the License Agreement. During that discussion, Gensym's CEO described the process in general and stated that Gensym would provide a questionnaire as the first step. Gensym never provided the questionnaire. At his deposition, Gensym's CEO testified that he decided on his own not to provide the questionnaire, despite agreeing to do so. He acknowledged that "my last communication with Mr. Thurtell was that we would be working on a set of audit questions." Contrary to Gensym's counterclaim, ExxonMobil has expressed its willingness to allow Gensym to conduct an audit within the parameters of the License Agreement.

41. Paragraph 41 is not a factual averment but rather is an interpretation of a

document, to which no response is required because the document speaks for itself.

42. ExxonMobil admits that Gensym requested an audit. ExxonMobil denies the remaining averments in paragraph 42.

43. ExxonMobil admits that it has a right to use the G2 software.

44. Paragraph 44 is not a factual averment but rather is an interpretation of a document, to which no response is required because the document speaks for itself.

45. Paragraph 45 is not a factual averment but rather is an interpretation of a document, to which no response is required because the document speaks for itself.

46. ExxonMobil denies the averments contained in paragraph 46.

## COUNT 5: DECLARATORY JUDGMENT
### (Against the ExxonMobil Defendants)

47. ExxonMobil admits that there is a real and substantial controversy between Gensym and ExxonMobil. With respect to the remaining statements in paragraph 48, they do not consist of factual averments but rather consist of an interpretation of a document, to which no response is required because the document speaks for itself.

48. ExxonMobil denies that Gensym is entitled to any relief of any kind from ExxonMobil.

49. ExxonMobil denies that Gensym is entitled to any relief of any kind from ExxonMobil.

## COUNT 6: COPYRIGHT INFRINGEMENT
### (Against ILS and the ExxonMobil Defendants)

50. ExxonMobil denies the averments of paragraph 50 because material terms are vague and undefined (including but not limited to "Gensym's software").

51. This paragraph alleges activities of persons other than ExxonMobil and

ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 51. ExxonMobil denies that its use of the AED/RTA constitutes copyright infringement.

52. ExxonMobil admits that it uses the AED/RTA application. With respect to the remaining averments concerning alleged activities of persons other than ExxonMobil, ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 52.

53. This paragraph alleges activities of persons other than ExxonMobil and ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 53. ExxonMobil denies that its use of the AED/RTA constitutes copyright infringement.

54. ExxonMobil denies the averments contained in paragraph 54. With respect to the averments concerning alleged activities of persons other than ExxonMobil, ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 54.

55. ExxonMobil denies the averments contained in paragraph 55. With respect to the averments concerning alleged activities of persons other than ExxonMobil, ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 55.

56. ExxonMobil denies the averments contained in paragraph 56.

57. ExxonMobil denies that Gensym is entitled to any relief of any kind from ExxonMobil.

58.    ExxonMobil denies the averments contained in paragraph 58. ExxonMobil denies that Gensym is entitled to any relief of any kind from ExxonMobil. With respect to the averments concerning alleged activities of persons other than ExxonMobil, ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 58.

## DISCOVERY RULE

59.    ExxonMobil denies the averments contained in paragraph 59.

## JURY DEMAND

60.    ExxonMobil acknowledges that Gensym has demanded trial by jury of all issues so triable. ExxonMobil likewise demands trial by jury of all issues so triable.

## ATTORNEYS FEES

61.    ExxonMobil denies that Gensym is entitled to any relief of any kind from ExxonMobil.

## CONDITIONS PRECEDENT

62.    ExxonMobil denies the averments contained in paragraph 62.

## PRAYER

ExxonMobil denies that Gensym is entitled to any relief of any kind from ExxonMobil, and in particular denies that Gensym is entitled to any of the relief requested in subparagraphs identified as A through I of its Prayer.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that they would not otherwise be required to bear, ExxonMobil asserts the following affirmative and other defenses to the claims set forth in the Amended Counterclaim.

1. Gensym's Amended Counterclaim fails to state a claim upon which relief can be granted against ExxonMobil.

2. Gensym's counterclaims are barred, in whole or in part, for lack of standing to bring this action.

3. Gensym's counterclaims are barred, in whole or in part, by the applicable statutes of limitation.

4. Gensym's counterclaims are unduly vague.

5. Gensym's counterclaims are barred by the doctrines of waiver and estoppel.

6. Gensym's counterclaims are barred by the doctrines of acquiescence and laches.

7. Gensym's counterclaims under Texas law are preempted by federal law.

8. To the extent Gensym seeks equitable relief, Gensym's has failed to do equity and has unclean hands.

9. Gensym has breached its obligations under the License Agreement, thereby excusing the performance of others.

10. Gensym has not satisfied all conditions precedent under the License Agreement.

11. Gensym cannot establish all the facts it relies upon to support a claim for certain damages and therefore there can be no such award.

12. Gensym's claim for certain damages is barred by the License Agreement.

13. Gensym has failed to mitigate its alleged damages.

14. Gensym's counterclaims are barred by the doctrine of copyright misuse.

15. Gensym's counterclaims are barred by the doctrine of copyright fair use under 17 U.S.C. § 107.

16. Gensym's counterclaims for statutory damages and attorney's fees in connection with its copyright counterclaims are barred by 17 U.S.C. § 412.

17. ExxonMobil incorporates by reference any and all affirmative defenses asserted by any other party.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, ExxonMobil prays that the Court (1) find that Gensym should take nothing by this action; (2) dismiss Gensym's counterclaims with prejudice; (3) award ExxonMobil its attorney's fees and expenses for defending this action; and (4) award ExxonMobil such other and further relief, both general and special, in law and in equity, to which it may be justly entitled.

Respectfully Submitted,

*[signature]*

Shannon H. Ratliff
Texas Bar No. 16573000
Michael L. Navarre
Texas Bar No. 00792711
RATLIFF LAW FIRM, P.L.L.C.
600 Congress Avenue, Suite 3100
Austin, Texas 78701
(512) 493-9600
(512) 493-9625 (facsimile)

Andrew A. Kassof, P.C.  (pro hac vice)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
(312) 862-2000
(312) 862-2200 (facsimile)

ATTORNEYS FOR PLAINTIFFS
EXXONMOBIL GLOBAL SERVICES
COMPANY, EXXON MOBIL CORPORATION,
AND EXXONMOBIL RESEARCH AND
ENGINEERING COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2012, I electronically filed the foregoing with the clerk of court using the CM/ECF system which will send notification of such filing to the following:

Amir H. Alavi
Ahmad, Zavitsanos & Anaipakos, P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010

Thomas H. Watkins
Brown McCarroll
111 Congress Avenue, Suite 1400,
Austin, Texas 78701-4093

*[signature]*

Michael L. Navarre

27830-1                                13