**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **EXXONMOBIL GLOBAL SERVICES COMPANY, EXXONMOBIL CORPORATION, AND EXXONMOBIL RESEARCH AND ENGINEERING COMPANY,** | § § § § § | |
| *Plaintiffs/Counter-Defendants* | § § | |
| **v.** | § § | |
| **GENSYM CORPORATION and VERSATA ENTERPRISES, INC.,** | § § | **CASE NO.:  1:12-CV-00442-JDR** |
| *Defendants*, | § § | |
| **GENSYM CORPORATION** | § | |
| *Counter Plaintiff/Third-Party Plaintiff* | § § | |
| **v.** | § § | |
| **INTELLIGENT LABORATORY SOLUTIONS, INC.** | § § § | |
| *Third-Party Defendant* | § | |

**PLAINTIFFS' MOTION TO DISMISS**
**GENSYM'S SECOND AMENDED COUNTERCLAIM**

Plaintiffs ExxonMobil Global Services Company, Exxon Mobil Corporation, and ExxonMobil Research and Engineering Company ("EMRE"), (collectively, "ExxonMobil"), file this Motion To Dismiss Gensym's Second Amended Counterclaim and in support thereof would respectfully show the Court as follows:

**I.      EXECUTIVE SUMMARY**

**BACKGROUND:**   Under the guise of amending its counterclaim to avoid the Motion to Dismiss filed by Intelligent Laboratory Solutions, Inc. ("ILS"), Gensym added an additional copyright infringement claim against ExxonMobil.  Gensym's new claim is that *if* ExxonMobil

acted outside the scope of one of its many license agreements with Gensym, ExxonMobil infringed Gensym's copyright. Gensym's new "claim" is a hypothetical. Gensym does not plead any facts setting forth (1) the alleged use by ExxonMobil that constitutes copyright infringement, (2) the alleged license agreements, (3) the alleged provision that ExxonMobil went beyond, and (4) the alleged copyrighted work(s).

**PROBLEM:** Gensym's addition to its copyright infringement claim violates the pleading requirements set forth by the United States Supreme Court in *Twombly* and *Iqbal*. Gensym is required to plead "[f]actual allegations [that] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Here, Gensym pled no such factual allegations. Gensym did not include a single allegation of any conduct by ExxonMobil that went outside the scope of any unidentified provision in any unidentified license agreement.

**REQUESTED RELIEF:** ExxonMobil requests that the Court dismiss Gensym's new copyright infringement counterclaim.

## II. INTRODUCTION

ExxonMobil filed this lawsuit to enforce its contractual right to the access keys necessary to use the G2 software that it licensed from Gensym for about one million dollars. In 2008, ExxonMobil purchased a perpetual license to use G2. In the 2008 License Agreement, Gensym agreed to provide permanent and annual access keys to ExxonMobil. In 2008, 2009, and 2010, Gensym provided annual keys to ExxonMobil. In 2011, after Gensym/Versata's new CEO took over, Gensym/Versata withheld the annual access keys while demanding more money and new contractual terms from ExxonMobil. Gensym/Versata knew that, without the access keys, ExxonMobil's AED/RTA worldwide alert system was inoperable and useless. Gensym sought

to use the fact that ExxonMobil had spent more than $25 million on this project to leverage ExxonMobil into agreeing to Versata's new prices and contract terms. Faced with this choice, ExxonMobil filed this lawsuit.

After ExxonMobil filed this lawsuit and sought a temporary restraining order, Gensym/Versata provided short term access keys. Subsequently, at the hearing on ExxonMobil's request for a temporary injunction to require Gensym/Versata to provide access keys, Gensym/Versata agreed during the pendency of this lawsuit to provide temporary keys that would last for eighteen months. As discovery progressed and ExxonMobil deposed Gensym/Versata's witnesses, Gensym/Versata recognized that its prior position was untenable and contrary to the terms of the 2008 License Agreement. In a dramatic reversal of its prior position and refusal to provide the access keys, Gensym/Versata provided ExxonMobil with permanent access keys pursuant to the 2008 License Agreement. Of course, there was a catch.

What Gensym/Versata gave with one hand it took away with the other by seeking a declaratory judgment that "ExxonMobil must cease using the G2 software." The irony of Gensym/Versata's changing positions is not lost on ExxonMobil. Previously, Gensym/Versata agreed that ExxonMobil had the right to use G2, but Gensym/Versata refused to provide the access keys that are necessary to actually use G2. Now, Gensym/Versata has provided the access keys that are necessary to use G2, but Gensym/Versata claims that ExxonMobil does not have the right to use G2.

This Motion to Dismiss addresses another change in Gensym/Versata's position. Under the guise of avoiding ILS's Motion to Dismiss, Gensym has attempted to make a new claim of copyright infringement against ExxonMobil. While the pleading is not clear, the G2 software appears to be the principal focus of this claim. During the decades that Gensym has marketed

G2, Gensym marketed G2 as a tool that allows a user to create software applications. In its Second Amended Counterclaim, Gensym admits that "[l]ike most tools, G2 does very little 'right out of the box.'" Second Amended Counterclaim at § 10. Consistent with Gensym's marketing efforts, the value and use of G2 is to develop other software applications. That is the very reason that customers would purchase a license to use G2.

However, in its Second Amended Counterclaim, Gensym/Versata now claims that "any program created in G2 is a copy or a derivative work of G2" and therefore violates its copyright. Second Amended Counterclaim at § 53. This is analogous to Microsoft taking the position that every document created using Microsoft Word is a copy or a derivative work of Microsoft. Such a claim, whether made by Microsoft or Gensym/Versata, is nonsense and wrong. Furthermore, because Gensym/Versata claims that G2 is its copyrighted work, Gensym/Versata is also claiming that it has the sole right to create G2 applications because, according to Gensym/Versata, all G2 applications are derivative works of G2. Because the owner of a copyright has the exclusive right to create a derivative work, the result of Gensym/Versata's litigation strategy is that every customer who purchases a license for G2 and uses it for its intended purpose may be sued by Gensym for copyright infringement.

As part of its litigation strategy, Gensym has been trying to create a broad claim of copyright infringement against ExxonMobil. In the state court case, Gensym propounded a large amount of discovery in a fishing expedition to find such a claim. That failed. Now, Gensym asserts a new hypothetical claim of copyright infringement. But, Gensym has failed to plead any facts whatsoever concerning the alleged copyright infringement, such as the conduct that amounts to infringement and the license agreements and provisions that do not allow the unidentified use. The Federal Rules of Civil Procedure and the Supreme Court do not permit

Gensym to proceed with burdensome discovery in an attempt to create factual allegations to support a hypothetical claim. The claim must be pled before discovery. Because Gensym has failed to plead adequate facts to state a claim for relief on this new claim, ExxonMobil requests that the Court grant its Motion to Dismiss.

### III.    ARGUMENT AND AUTHORITIES

**A.    The Court Should Apply The Pleading Standard Articulated In *Twombly* And Refined In *Iqbal* To Gensym's New Allegations.**

To survive a Rule 12(b)(6) motion to dismiss, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570 *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The Fifth Circuit has recognized that this rule raised "the minimum standard of adequate pleading to govern a complaint's survival," *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n.10 (5th Cir. 2007), and the Supreme Court has clarified that this rule applies "in all civil actions and proceedings in the United States district courts." *Ashcroft*, 129 S. Ct. at 1953.

Building on its decision in *Twombly*, the Supreme Court has set out two working principles in *Iqbal* to guide the analysis. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Id*.  Second, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."  *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).  As set forth in *Twombly*, this Court has the power to insist upon factual allegations before allowing the claim to proceed to expensive discovery.  *Twombly*, 550 U.S. at 558-559 (citations omitted).  Here, Gensym's new claim that ExxonMobil infringed its copyright *if* ExxonMobil used G2 outside the scope of an unidentified license agreement is a hypothetical claim that violates the principles set forth in *Twombly* and *Iqbal.*  Therefore, the Court should grant ExxonMobil's Motion To Dismiss.

**B.**  **The Court Should Dismiss Gensym's Copyright Claims Because Gensym Failed To Adequately Allege Its New Claim Of Copyright Infringement.**

Gensym requested ExxonMobil's permission to amend its copyright infringement claim.  Gensym's stated reason for the amendment was to "amend its copyright claim in response to ILS's Motion to Dismiss."  ExxonMobil replied that it was unopposed "[w]ith the understanding that Gensym/Versata will not be adding any new claims or expanding its existing claims."  Instead of admitting that it was adding a new claim, Gensym forwarded a draft of the amended counterclaim.  Upon review of the amended counterclaim, ExxonMobil discovered that Gensym was adding a new copyright infringement claim against ExxonMobil, a claim that did not even mention ILS:

> 56.    Additionally, every instance where ExxonMobil is using G2 beyond the scope of a valid License Agreement is an instance where ExxonMobil has copied, prepared, used, published, displayed and or distributed Gensym's copyrighted work, portions thereof, or prepared a derivative work thereof in an unlawful manner.

Second Amended Counterclaim at § 56.

Gensym's new claim is that *if* ExxonMobil breached one of the parties' many license agreements by using Gensym's copyrighted works outside the scope of the license agreement, Gensym has a claim of copyright infringement. This is akin to claiming that a party breached a contract *if* it breached a contract and is the "mere possibility of misconduct" that is the proper subject of a motion to dismiss. *Iqbal*, 129 S. Ct. 1937 at 1950. Gensym's new counterclaim does not include a single factual allegation of any use outside the scope of any unidentified license agreement. The Court should dismiss Gensym's additional claim because Gensym failed to plead sufficient facts concerning (1) the action(s) by ExxonMobil that allegedly went beyond the unidentified license agreements; (2) the license agreement(s) that ExxonMobil allegedly exceeded; (3) the provisions of the license agreements that ExxonMobil allegedly went beyond; and (4) the copyright(s), aside from G2, that were allegedly infringed.

**1.      Gensym failed to plead adequate facts concerning ExxonMobil's alleged use of G2 "beyond the scope of" the unidentified valid license agreement(s).**

Gensym's new claim should be dismissed because it is completely devoid of any factual allegation of any actions by ExxonMobil that could have gone "beyond the scope of" the valid license agreements. *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D. N.Y.1 992). No action by ExxonMobil is identified, described or referenced. Nor does Gensym plead facts explaining how the unidentified actions by ExxonMobil allegedly went beyond the scope of the valid license agreements. Gensym failed to plead basic facts that would answer the following questions:

- What was the unidentified use that allegedly went beyond the scope of the terms of the unidentified license agreement(s)?
- How did the unidentified use go beyond the scope of the unidentified license agreement(s)?
- Who used the unidentified software that allegedly went beyond the scope of the unidentified license agreement(s)?
- When and where did the unidentified use that allegedly went beyond the scope of the unidentified license agreement(s) occur?

- What was the software that was allegedly used beyond the scope of the unidentified license agreement(s)?

Instead, the Court and ExxonMobil are left with a hypothetical claim that lacks any factual allegations. Gensym's failure to plead sufficient facts to identify the alleged wrongful use fails to provide ExxonMobil with adequate notice of Gensym's claim.

In *Twombly,* the plaintiff alleged that the defendants "ha[d] entered into a contract, combination or conspiracy to prevent competitive entry . . . and ha[d] agreed not to compete with one another." *Twombly*, 550 U.S. at 551. The Court dismissed this allegation of an unlawful agreement as a legal conclusion that was not entitled to the assumption of truth. *Id.* at 555 – 556. Because the plaintiffs did not plead sufficient facts to "nudge[] their claims across the line from conceivable to plausible, their complaint [was] dismissed. *Id.* at 570. Here, Gensym has presented this Court with a hypothetical legal conclusion with no factual allegations. Gensym has not pled facts to establish one of the hypothetical "instances" whereby ExxonMobil may have used G2 beyond the scope of an unidentified provision in an unidentified valid license agreement. Gensym has failed to plead sufficient facts to nudge its claim from conceivable to plausible and its new claim should suffer the same result as the claims in *Twombly* and *Iqbal*.

Gensym's admissions in its pleading further compound this problem. Gensym admits that ExxonMobil has the right to "create applications within G2 which [ExxonMobil] actually operate[s] at chemical and petroleum refineries around the world." Second Amended Counterclaim at § 11. Because ExxonMobil's right includes the AED/RTA application that ExxonMobil deployed around the world, this "use" could not be the target of Gensym's hypothetical claim. Furthermore, the problem caused by Gensym's failure to plead factual allegations is further magnified by the fact that Gensym and ExxonMobil have entered into

numerous valid license agreements through the years, including the 2008 License Agreement.[1] Ex. 1, 2008 License Agreement.  Pursuant to the 2008 License Agreement, ExxonMobil was granted a broad license to use G2.[2]  *Id.* at Clause 3 (pages 8 – 9).  Gensym's hypothetical claim does not allege any facts that ExxonMobil's use of G2 went beyond the scope of the 2008 License Agreement.  Because Gensym's hypothetical claim does not "raise [Gensym's] right to relief above the speculative level," it should be dismissed and the Court should require Gensym to plead sufficient facts setting forth the alleged use that goes beyond the scope of the license agreements.  *Bell*, 550 U.S. at 555 (citations omitted).

### 2. Gensym failed to plead adequate facts concerning the identity of the alleged license agreements.

Gensym's new copyright infringement claim fails to identify the contract that ExxonMobil allegedly used "G2 beyond the scope of."  Second Amended Counterclaim at § 56. Gensym merely describes the contract as "a valid License Agreement."  Gensym does not provide a list of the license agreements.  Nor does Gensym provide any identification of the alleged license agreement(s).  Pursuant to the rule set forth in *Twombly* and *Iqbal*, Gensym must plead sufficient facts to identify all of the license agreements that are the subject of its claim. *See Edmond v. Am. Educ. Servs.*, 2010 WL 4269129, at \*2 (D.D.C. Oct. 28, 2010) (collecting cases).  As stated above, the problem caused by Gensym's failure to plead sufficient facts is magnified by the fact that Gensym and ExxonMobil have entered into numerous valid license agreements through the years.  Therefore, the Court should grant ExxonMobil's Motion to

---

[1]  Gensym did not attach a copy of the 2008 License Agreement to its amended counterclaim even though the 2008 License Agreement is referenced in its counterclaim.  For the Court's convenience, ExxonMobil attached a copy to its Motion to Dismiss that the Court may consider in determining whether to grant the Motion to Dismiss.  *See Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007); *In Re Fort Totten Metrorail Cases Arising Out of the Events of June 22, 2009*, 808 F. Supp. 2d 154, 161 (D.D.C. 2011).

[2]  A license to use copyrighted material is a defense to a claim of copyright infringement.  *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996) ("the existence of a license, exclusive or nonexclusive, creates an affirmative defense to a claim of copyright infringement.") (citation omitted).

Dismiss and require Gensym to plead sufficient facts to identify the "valid license agreements" that are the subject of its new claim.

### 3. Gensym failed to plead adequate facts concerning the alleged contractual provisions that ExxonMobil allegedly "went beyond the scope of."

In addition to not pleading sufficient facts to identify the alleged license agreement(s), Gensym also failed to plead sufficient facts concerning the alleged contractual provisions that ExxonMobil allegedly "went beyond the scope of" when it used G2.  There is absolutely no identification, reference or description to the alleged contractual provision(s).  This type of "unadorned, barebones claim of liability [] is insufficient." *Smith v. Trusted Universal Standards In Electronic Transactions, Inc.*, 2010 WL 1799456 (D.N.J. May 04, 2010) (granting motion to dismiss after concluding that "[a]t no point does Plaintiff identify the agreement, what its terms are, and how Comcast violated them.") (citation omitted).  Therefore, the Court should grant ExxonMobil's Motion to Dismiss and require Gensym to plead sufficient facts setting forth the contractual provision(s) that are the subject of its new claim.

### 4. Aside from G2, Gensym failed to plead adequate facts concerning the ownership and registration of the copyrighted works.

An element of Gensym's copyright infringement claim is the identification of the infringed copyrighted work.  *See e.g., Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.,* 299 F. App'x 509, 511–12 (6th Cir. 2008) (affirming the granting of a motion to dismiss due to failure to identify the work that was infringed).  In this case, Gensym identified G2 as one of the alleged subjects of its claim.  However, Gensym also claims copyright infringement where ExxonMobil "has copied, prepared, used, published, displayed and or distributed Gensym's copyrighted work, portions thereof, or prepared a derivative work thereof in an unlawful manner."  Gensym has failed to plead facts identifying any "copyrighted work, portions thereof, or [] derivative work," aside from G2, that was infringed.

10

In addition to pleading sufficient facts to identify the alleged works that are the subject of its claim, Gensym is required to plead that each alleged "work" has been registered or is the subject of a pending application. *See* 17 U.S.C. § 411(a). Gensym failed to do so. Therefore, the Court should dismiss Gensym's new copyright infringement claims.

## IV.    CONCLUSION

For these reasons, ExxonMobil respectfully requests that the Court enter an order dismissing Gensym's new copyright claim and for such other relief as is proper.

Respectfully Submitted,


/s/Michael L. Navarre_____
Shannon H. Ratliff
Texas Bar No. 16573000
Michael L. Navarre
Texas Bar No. 00792711
RATLIFF LAW FIRM, P.L.L.C.
600 Congress Avenue, Suite 3100
Austin, Texas  78701
(512) 493-9600
(512) 493-9625 (facsimile)

Andrew A. Kassof, P.C.  (pro hac vice)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
(312) 862-2000
(312) 862-2200 (facsimile)

ATTORNEYS FOR PLAINTIFFS
EXXONMOBIL GLOBAL SERVICES
COMPANY, EXXON MOBIL
CORPORATION, AND EXXONMOBIL
RESEARCH AND ENGINEERING
COMPANY

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2012, I electronically filed the foregoing with the clerk of court using the CM/ECF system which will send notification of such filing to the following:

Amir H. Alavi                                    Thomas H. Watkins
Ahmad, Zavitsanos & Anaipakos, P.C.              Brown McCarroll
1221 McKinney, Suite 3460                        111 Congress Avenue, Suite 1400,
Houston, Texas 77010                             Austin, Texas  78701-4093

Matthew R. Beatty
Beatty Bangle Strama P.C.
400 West 15th Street, Suite 1450
Austin, Texas 78701


                                    /s/ Michael L. Navarre
                                    Michael L. Navarre

12