# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| EXXONMOBIL GLOBAL SERVICES COMPANY, EXXON MOBIL CORPORATION, AND EXXONMOBIL RESEARCH AND ENGINEERING COMPANY, | §<br>§<br>§<br>§<br>§ | CASE NO. 1:12-cv-00442-JDR |
| Plaintiffs/Counter Defendants | §<br>§ | |
| v. | §<br>§ | |
| GENSYM CORPORATION and VERSATA ENTERPRISES, INC., | §<br>§<br>§ | |
| Defendants | §<br>§ | |
| GENSYM CORPORATION | §<br>§ | |
| Counter Plaintiff/Third-Party Plaintiff | §<br>§ | |
| v. | §<br>§ | |
| INTELLIGENT LABORATORY SOLUTIONS, INC. | §<br>§<br>§ | |
| Third-Party Defendant | §<br>§ | |

## <u>DEFENDANTS' MOTION TO DISMISS EXXONMOBIL'S ALTER EGO THEORY</u>

Gensym Corporation ("Gensym") and Versata Enterprises, Inc. ("Versata") file this Motion to Dismiss Plaintiffs' joint liability alter ego theory as found in Plaintiffs' Fourth Amended Complaint for failing to plead fraud or injustice in the use of the corporate form pursuant to Fed. R. Civ. P. 12(b)(6).

### INTRODUCTION

ExxonMobil seeks to hold Gensym's parent corporation, Versata, liable for alleged contractual violations of a contract signed by Gensym—not Versata—through an alter ego theory. However, ExxonMobil has not properly pleaded any fraud or injustice that would result

from honoring the corporate form of these entities. Without such an accusation Gensym's corporate veil cannot be pierced and Versata should be dismissed from the case. Frankly, the inclusion of Versata in this lawsuit is a distraction and removing Versata from this litigation will streamline the case by reducing ExxonMobil's claims to its essential contract issues.

## PROCEDURAL HISTORY ALTER EGO:

ExxonMobil first added Gensym's corporate parent as a jointly liable defendant under an alter ego theory on January 31, 2012. Exhibit A (attached without exhibits). Gensym first challenged ExxonMobil's inadequate pleading by filing special exceptions on April 4, 2012. Exhibit B (attached without exhibits). ExxonMobil filed its response on April 24, 2012. Exhibit C. In that motion ExxonMobil represented to the state court that it would re-plead alter ego. *Id.* at p. 5, n2 ("Plaintiffs agree that they must allege that the fraud was 'for the direct personal benefit' of Versata . . . and will amend their pleadings to include that allegation"). Based on that representation and in the interest of judicial economy Gensym passed its hearing on its special exceptions choosing to wait until ExxonMobil re-plead before deciding whether to challenge the sufficiency of ExxonMobil's complaint a second time. However, despite indicating, now over six months ago that it would re-plead ExxonMobil has never done so.

On September 18, 2012, Gensym filed a motion for partial judgment on the pleadings. (Dkt. No. 45) This motion was directed at ExxonMobil's Second Amended Complaint. This Court denied that motion as moot on October 30, 2012. (Dkt. No. 60) This Court found the motion to be moot because ExxonMobil had twice amended its complaint in the intervening period. ExxonMobil's live pleading, its Fourth Amended Complaint, continues to contain a fatally defective alter ego accusation. (Dkt. No. 57 at ¶¶ 62-66) Therefore, Defendants re-present

this issue to the Court seeking to eliminate ExxonMobil's improperly pleaded claim in its live pleading.

**ARGUMENT AND AUTHORITIES**

Motions pursuant to Rule 12(b)(6) are limited to the allegations contained in the Plaintiffs' Complaint. To survive a motion to dismiss plaintiffs must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ascroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The main problem with ExxonMobil's alter ego theory is that ExxonMobil totally fails to describe what "fraud and injustice" have been done to it.  ExxonMobil's allegations on this point are deficient lacking not just the particularity required by Rule 9(b) but also the basic factual sufficiency imposed by Rule 8 after *Iqbal* and *Twombly*. Furthermore, ExxonMobil has failed to properly plead that the corporate form of Gensym was used to perpetrate the fraud or other injustice.

The second problem with ExxonMobil's alter ego theory is that ExxonMobil has failed to plead sufficient facts to support the basic lack of corporate separateness required to pierce the corporate veil. Its allegations on this point are largely conclusory and where there are specifics they amount to little more than a description of the relationship found between any wholly owned subsidiary and its parent.

**A.  ExxonMobil has Not Properly Pleaded Fraud or Injustice:**

Texas statutory law is crystal clear:  In order to pierce the corporate veil in a breach of contract case in ExxonMobil must allege that Versata:

3

> Caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on [ExxonMobil] primarily for the direct personal benefit of [Versata].

TEX. BUS. ORG. CODE § 21.223. Likewise, in "Delaware[1] courts take the corporate form . . . very seriously" and will disregard it only in exceptional cases. *Case Financial, Inc. v. Alden*, 2009 Del. Ch. LEXIS 153 (Del. Ch. Aug. 21, 2009) (attached as Exhibit D). In fact Delaware Courts "will not disregard the corporate form of a subsidiary unless equity so demands" *Alberto v. Diversified Group*, 55 F.3d 201, 205 (5th Cir. 1995) (citing *Pauley Petroleum, Inc. v. Continental Oil Co.,* 43 Del. Ch. 516 (Del. 1968)).

In a breach of contract case like this one, "Delaware permits piercing the veil only upon proof either of fraud or that the corporation simply functioned as a façade for the dominant shareholder. These are closely related criteria." *Illinois Bell Tel. Co., Inc. v. Global NAPS Illinois, Inc.*, 551 F.3d 587, 597 (7th Cir. 2008). Accord, *Ohio Bell Tel. Co., Inc. v. Global NAPS Ohio, Inc.,* No. C2-06-CV-549, 2010 WL 987053 at *8 ("Because AT & T Ohio has established that it was misled by Global Ohio's appearance as a legitimate corporation, it is entitled to pierce the corporate veil.") (attached as Exhibit E). In other words, since no rational entity would enter into a contract with a mere façade, the law presumes that a fraud was committed tricking the third party into contracting with an entity from which it could never recover. *Id.*

ExxonMobil has not pleaded any fraud in this case or alleged that Gensym is a mere façade. Instead, all that ExxonMobil recounts in its live pleading is as follows:

> "On information and belief, Versata controls Gensym so that holding Gensym solely liable would result in an injustice." Dkt. No. 57 at ¶ 63

> "Versata has used the corporate form to evade the legal obligations of Gensym" Dkt. No. 57 at ¶ 64

---

[1] In a breach of contract setting Defendants have not yet identified any material difference between Delaware and Texas alter ego law; therefore, this Court is free to apply either state's law.

"Versata has committed an actual fraud against ExxonMobil" Dkt. No. 57 at ¶65[2]

Critically, none of these statements actually identify what injustice would result from holding Gensym solely liable. ExxonMobil must identify the injustice by either pleading that Versata used Gensym's corporate form to commit an actual fraud or that Gensym is a façade. TEX. BUS. ORG. CODE § 21.223; *Illinois Bell Tel. Co., Inc. v. Global NAPS Illinois, Inc.*, 551 F.3d 587 (7th Cir. 2008). ExxonMobil has refused to do either.

As such, ExxonMobil's pleading stand in stark contrast to a properly pleaded alter ego theory. For example in *ASARCO v. Americas Mining Corp* the plaintiff clearly identified the injustice by alleging that defendant, Corp A transferred its only asset of value from Sub Corp A to Corp B for the purpose of keeping that asset out of Corp A's bankruptcy. 396 B.R. 278, 320–322 (S.D.T.X. Aug. 30, 2008). ExxonMobil makes no effort to identify the injustice and the generalities it has plead simply do not "nudge[] [Exxon's] claims . . . across the line from conceivable to plausible," *Iqbal*, 129 S. Ct. at 1950-51.

Nor does "[M]ere dominion and control of the parent over the subsidiary [] support alter ego liability" *Outokumpu Eng'g Enters v. Kvaerner Enviropower*, 685 A.2d 724, 729 (Del. Super. Ct. 1996); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 262 (D. Del. 1989). This is obviously true since if merely pleading dominion and control were enough, any plaintiff could plead alter ego against literally any parent corporation since every wholly owned subsidiary is controlled by its parent corporation and since every shareholder uses the corporate form to evade the legal obligations of the companies in which it holds stock. Here what few facts ExxonMobil has actually alleged relate exclusively to dominion and control. (Dkt. No. 57 at ¶

---

[2] This accusation of fraud is insufficient. First, this bare legal conclusion is precisely the type of pleading that is insufficient under Rule 8 after *Iqbal*, 129 S. Ct. at 1950-51. Second, as with any allegation of actual fraud, in order to make such an accusation in Federal Court the Plaintiffs must meet the heightened pleading standard of Rule 9(b). *Tradewinds Airlines Inc. v. Soros*, 2012 U.S. Dist. LEXIS 39459 at *14 (S.D.N.Y. Mar. 22, 2012)(attached as Exhibit F). This heightened standard requires "the who, what, when, where, and how of fraud". *Benchmark Electronics v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). Plaintiffs offer no such particularity.

63) Nothing alleged by ExxonMobil is in any way pernicious. Instead, ExxonMobil merely provides a description of a relationship between a parent and a wholly owned subsidiary. Such a description without more cannot support alter ego.

Finally, a plaintiff asserting alter ego must plead how the corporate form was used to perpetrate the fraud. *Id*; *Mobil Oil v. Linear Films*, 718 F. Supp. 260, 269 (Dist. Del Jun. 27, 1989) ("fraud or injustice be found in the defendant's use of the corporate form."); *Mason v. Network of Wilmington, Inc.,* 2005 Del. Ch. LEXIS 99, at *3 (Del. Ch. July 1, 2005) (attached at Exhibit G) ("'Piercing the corporate veil under the alter ego theory requires that the corporate structure cause fraud or similar injustice. Effectively, the corporation must be a sham and exist for no other purpose than as a vehicle for fraud."') (quoting *Wallace ex rel. Cencorn Cable Income Partners II, Inc., L.P. v. Wood,* 752 A.2d 1175, 1184 (Del. Ch. 1999)). ExxonMobil has made no effort to meet this requirement either. In the absence of such allegations, ExxonMobil has not properly plead alter ego.

## B. ExxonMobil Failed to Plead Facts that would Support a Finding that the Parent and the Subsidiary Operated as a Single Economic Entity.

To survive a motion to dismiss plaintiff's allegations must plead enough facts to state a claim to relief that is plausible on its face. *Twombly*, 127 S. Ct. at 1974. Such a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The only facts related to alter ego in ExxonMobil's entire petition are found in paragraph 63. There ExxonMobil alleges that:

> Gensym has been operated as a mere tool or business conduit of Versata. Versata is the sole or part-owner of Gensym. Gensym has no employees and its Board of Directors consists of a single Versata employee, with the possibility that Cushman, a contractor of Versata (not Gensym), may also be a member of the Board of Directors. Versata employees and contractors conduct all business for Gensym.

6

Dkt. No. 57 at ¶ 63. For the purposes of a motion to dismiss bare legal conclusions are not entitled to the assumption of truth, but any factual allegation made must be presumed true. *Iqbal*. 129 S. Ct. at 1950–51. The only factual allegations above are as follows: (1) Versata is the sole or part-owner of Gensym (2) Gensym has no employees (3) Gensym's board of directors is made up of people who are employed by, or contracting with, Gensym's parent company and (4) that all of its business is done by people who are employees or contractors of Versata. The remaining statement: that "Gensym has been operated as a mere too or business conduit of Versata," is not a fact, but is rather a legal conclusion and so is entitled to no deference and may be disregarded. *Iqbal*, 129 S. Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") As for the remaining allegations:

> The decisional law in this circuit, however, makes it "clear that one-hundred percent [commonality of] ownership and identity of directors and officers are, even together, an insufficient basis for applying the alter ego theory to pierce the corporate veil."

*Valdez v. Capital Mgmt. Servs. LP*, 2010 U.S. Dist. LEXIS 121483 at *23 (S.D. Tex. Nov. 16, 2010)(attached as Exhibit H.) (quoting *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686 (5th Cir. 1985)) (internal citations and quotations omitted)[3]. The only allegation remaining is that all of Gensym's business is done by people who are employees or contractors of Versata. The Fifth Circuit has articulated no fewer than twelve factors to consider when addressing alter ego; however, ExxonMobil's only remaining allegation is not one of them. *Jon-T Chemicals*, 768 F.2d at 692. Likewise the Courts in Delaware look at many factors however; the lack of employees is not one of them:

---

[3] *Valdez* clarifies: "A subsidiary that is wholly owned by a parent corporation is rather obviously going to have a common control — both companies are owned and managed by the same people. In that situation, operating the subsidiary independently of the parent company not only has little practical meaning, it would also constitute a breach both of the subsidiary's duty to further the interests of its owner, and of the directors' and officers' duty towards the parent company. However, this commonality of interests does not mean the corporate form is to be disregarded." 2010 U.S. Dist. LEXIS 121483 at *23 n 10.

(1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a facade for the dominant shareholder. A decision to disregard the corporate entity generally results not from a single factor, but rather some combination of them

*Microstrategy v. Acacia Research Corp.*, 2010 Del. Ch. LEXIS 254 at *46 (Dec. 30, 2010)

(attached as Exhibit I). In other words, of the three lone facts presented by ExxonMobil two

occurring together has been explicitly held to be insufficient, and the last has little bearing on the

analysis. So pleaded ExxonMobil has not "nudged [its] claims . . . across the line from

conceivable to plausible," and so its alter ego theory should be dismissed. *Iqbal*, 129 S. Ct. at

1950-51.

## CONCLUSION

For all of the forgoing reasons, ExxonMobil's joint liability theory should be dismissed,

and accordingly, all causes of action against Versata Enterprises, Inc. should be dismissed.

Respectfully submitted,

AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.

*/s/ Amir Alavi*

Amir Alavi
State Bar No.  00793239
Federal ID No. 20919
3460 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 655-1101
Telecopier: (713) 655-0062

8

OF COUNSEL:
Thomas H. Watkins
BROWN MCCARROLL, L.L.P.
State Bar No. 20928000
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: (512) 703-5752
Telecopier: (512) 480-5033

**ATTORNEYS FOR DEFENDANTS AND
DEFENDANT/COUNTER PLAINTIFF**


**NOTICE OF ELECTRONIC FILING**

I do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Filing System of the U.S. District Court for the Western District of Texas, on this 31st day of October, 2012.

*/s/ Amir Alavi*
Amir Alavi


**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2012, I sent by facsimile transmission, by first class mail, postage prepaid or through the District Court ECF system, a true and correct copy of the above and foregoing document to counsel as follows:

Andrew A. Kassof, P.C.
Seth A. Gastwirth
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654-3406

Shannon H. Ratliff
Michael Navarre
RATLIFF LAW FIRM, PLLC
600 Congress Avenue, Suite 3100
Austin, Texas 78701

*/s/ Amir Alavi*
Amir Alavi

9