UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **EXXONMOBIL GLOBAL SERVICES CO., EXXON MOBIL CORP., and EXXONMOBIL RESEARCH & ENGINEERING CO.,** *Plaintiffs/Counter-Defendants*, <br><br> v. <br><br> **GENSYM CORP. & VERSATA ENTERPRISES, INC.,** *Defendants*, <br><br> **GENSYM CORP.,** *Counter Plaintiff/Third-Party Plaintiff* <br><br> v. <br><br> **INTELLIGENT LABORATORY SOLUTIONS, INC.,** *Third-Party Defendant* | CASE NO. 1:12-CV-442-JDR |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is ExxonMobil Global Services Company, Exxon Mobil Corporation, and ExxonMobil Research and Engineering Company's (collectively "ExxonMobil") Motion to Dismiss Gensym's Second Amended Counterclaim (Dkt. No. 36), to which Gensym Corporation ("Gensym") and Versata Enterprises, Inc. ("Versata") (collectively "Gensym") have responded (Dkt. No. 43).

**I. Factual Background**

This complex case arises in part from a copyright infringement dispute. Only those facts relevant to Gensym's copyright claim are discussed below.

According to the facts set forth in Gensym's Second Amended Counterclaims and Amended Third Party Petition (Dkt. No. 30), the cornerstone of Gensym's business is a

1

computer software program called G2, which Gensym wrote over a period of many years and has registered with the Copyright Office. G2 can be used as a platform to develop and run G2 applications, which are custom-configured pieces of software that run from within G2. Since these applications are written from within G2 and rely completely on the functionality of G2 in order to run, the "End User" of a G2 application must possess its own copy of G2 in order to run the application.

Gensym has been doing business with ExxonMobil and Third-Party Defendant Intelligent Laboratory Solutions, Inc. (ILS) for a number of years.

In 2006, Gensym and ILS entered into a new licensing agreement (the "ILS Agreement") that granted ILS limited license rights in G2: "(a) to Use the Software for its own application development purposes; (b) Use the Software to create Bundled Products; (c) Reproduce, sell, license or otherwise distribute the Software as part of the Bundled Products to End Users; and (d) Grant object code licenses or sublicenses to End-Users for Software incorporated in the Bundled Products." (Pet. ¶ 14 (quoting ILS Agreement § 3.1(a)-(d)).

In 2008, Gensym and ExxonMobil entered into a new licensing agreement for G2 (the "License Agreement"). Under the License Agreement, ExxonMobil is licensed to use G2 to create G2 applications, which ExxonMobil then operates at chemical and petroleum refineries around the world. After ExxonMobil entered into the License Agreement with Gensym, ExxonMobil paid ILS to develop a G2 application called AED/RTA. All of the application development work was performed by ILS off-site from ExxonMobil and using ILS's copies of G2, even though ExxonMobil is not an End User of Bundled Products from ILS.

According to Gensym, ExxonMobil's use of any G2 application created by ILS, including AED/RTA, exceeds the scope of the License Agreement and therefore constitutes

copyright infringement. ExxonMobil now moves to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in her favor. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737–38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957) 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.*; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

## III. Analysis

In order to state a claim for copyright infringement, a plaintiff must allege: (1) ownership of the copyrighted material and (2) copying by the defendant. *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 790 (5th Cir. 1999). "A copy is legally actionable if (1) the alleged infringer actually used the copyrighted material to create his own work, and (2) substantial similarity exists between the two works." *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 400 (5th Cir. 2000) (quoting *Alcatel*, 166 F.3d at 790).

Giving rise to its claim for copyright infringement, Gensym alleges as follows:

50. Gensym's G2 software is registered with the Copyright Office.

51. Gensym's G2 software contains a substantial amount of original material (including without limitation code, specifications, documentation and other materials) that is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*.

52. Without consent, authorization, approval, or license, ILS knowingly, willfully, and unlawfully used G2 to create a number of software applications for ExxonMobil and others including but not limited to the AED/RTA application. Each of these applications was created in G2, runs out of G2 and is entirely dependent on G2 for its operation.

53. Each of these applications; therefore, is a derivative work of G2 or contains a copy of portions of G2. As such, each of these applications is an unauthorized copy of Gensym's copyrighted work.

54. ILS then distributed copies of these applications to ExxonMobil and others. When ILS provided G2 applications to ExxonMobil and others it knew that these applications were unauthorized works and that they would be further distributed and used by ExxonMobil and others. ExxonMobil in turn did copy the applications and distributed them to a variety of facilities.

\* \* \*

56. Additionally, every instance where ExxonMobil is using G2 beyond the scope of a valid License Agreement is an instance where ExxonMobil has copied, prepared, used, published, displayed and or distributed Gensym's copyrighted work, portions thereof, or prepared a derivative work thereof in an unlawful manner.

> 57. By this unlawful copying, use, and distribution, ILS and ExxonMobil have violated Gensym's exclusive rights under 17 U.S.C. § 106.

(Pet. ¶¶ 50-54, 56-57.)

Computer software is entitled to copyright protection. *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1341 (5th Cir. 1994); *see also Vault Corp. v. Quaid Software Ltd.*, 847 F.2d 255, 259 (5th Cir. 1988) (recognizing that the Copyright Act was amended in 1976 "to include computer programs in the definition of protectable literary works"). Moreover, the use of computer software outside the scope of a valid licensing agreement constitutes copyright infringement. *See S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir. 1989) (cited in *Womack+Hampton Architects, L.L.C. v. Metric Holdings Ltd. P'ship*, 102 Fed. App'x 374, 379 (5th Cir. 2004)); *see also Gilliam v. Am. Broad. Cos.*, 538 F.2d 14, 20 (2d Cir. 1976); NIMMER ON COPYRIGHT, § 1015[A] (1999).

Gensym's allegations against ExxonMobil are therefore sufficient to state a claim for copyright infringement, and ExxonMobil is not entitled to dismissal of this claim.

### IV. Conclusion

For the aforementioned reasons, ExxonMobil's Motion to Dismiss Gensym's Second Amended Counterclaim (Dkt. No. 36) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 27th day of March, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE